<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 97-2179

                         UNITED STATES,

                           Appellee,

                               v.

                      FRANCIS E. SHERWOOD,

                     Defendant, Appellant.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF RHODE ISLAND

          [Hon. Ernest C. Torres, U.S. District Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

                Selya and Lynch, Circuit Judges.

                     _____________________

   Robert B. Mann, by appointment of the Court, with whom Mann &
Mitchell was on brief, for appellant.
   Margaret E. Curran, Assistant United States Attorney, with
whom Sheldon Whitehouse, United States Attorney,
and Gerard B. Sullivan, Assistant United States Attorney, were on
brief, for appellee.

                      ____________________

                      September 11, 1998
                      ____________________

        TORRUELLA, Chief Judge.  Defendant Francis E. Sherwood
was charged in a two-count indictment with being a convicted felon
in possession of firearms and of ammunition in violation of 18
U.S.C.  922(g)(1).  He pled guilty to both counts, and the
district court subsequently sentenced him to concurrent terms of
seventy months of imprisonment and three years of supervised
release for each count.  Sherwood's prior felony record consisted
of a two-count conviction under Rhode Island law for second degree
child molestation.
        Sherwood challenges his sentence on two grounds.  First,
he contends that the district court incorrectly determined that
second degree child molestation was a "crime of violence" for
purposes of U.S. Sentencing Guidelines Manual  2K2.1(a).  Second,
he argues that the district court erroneously enhanced his criminal
history score by two points after concluding that he had committed
the instant offense while on probation for his previous felony
conviction.  We affirm.
                             I.  BACKGROUND  On May 14, 1997, a federal grand jury returned a two-
count indictment, charging the defendant with being a felon in
possession on or about April 22, 1997, of firearms and of
ammunition in violation of 18 U.S.C.  922(g)(1).  The indictment
stemmed from the seizure by federal agents of 111 firearms and
approximately 24,217 rounds of ammunition from Sherwood's home in
Charlestown, Rhode Island.  As part of the search, agents also
recovered documents relating to the ownership or acquisition of a
total of 172 firearms.
        Sherwood's prior criminal record reveals that, on
March 28, 1984, he pled nolo contendere in state court to two
counts of second degree child molestation.  A third count, alleging
assault with intent to commit first degree sexual assault against
a minor, was dismissed by the court.  He was sentenced on the first
count to four years' probation, and on the second count to six
years' imprisonment (four years of which was suspended), and to
four years' probation.  The defendant began acquiring weapons
related to his  922(g)(1) violation while on probation for this
state law offense.
        On June 30, 1997, the defendant entered a plea of guilty
to both felon-in-possession charges, and subsequently, the district
court sentenced him as a Level 25, Category III offender.  The
defendant's sentencing guideline level was based, in part, on the
court's determination that his prior felony conviction was for a
"crime of violence," which resulted in a four-level increase in the
defendant's base offense level.  See U.S.S.G.  2K2.1(a)(3).  
Sherwood's criminal history score was increased by two points based
on the court's finding that this offense was committed while the
defendant was on probation, which moved Sherwood from a criminal
history category of II to III.  See U.S.S.G.  4A1.1(d).  
Accordingly, the defendant was sentenced to seventy months of
imprisonment and three years of supervised release to be served
concurrently.

                       II.  DISCUSSION
        We review the district court's interpretation of the
Sentencing Guidelines de novo.  See United States v. Nicholas, 133
F.3d 133, 134 (1st Cir. 1998).
        A.  Base Offense Level Determination
        The district court found that Sherwood's prior felony
conviction in state court was for a "crime of violence," and thus
under U.S.S.G.  2k2.1(a)(3), applied a base offense level of 22.  
The defendant challenges the district court's determination that
second degree child molestation under Rhode Island law constitutes
a "crime of violence."  Section 4B1.2 of the Sentencing Guidelines
defines a "crime of violence" as:
        (a)                                  . . . any offense under federal or state law,
                                             punishable by imprisonment for a term exceeding one year,
                                             that    

              (1)  has as an element the use, attempted use, or
                   threatened use of physical force against the
                   person of another, or

              (2)  . . . otherwise involves conduct that presents
                   a serious potential risk of physical injury to
                   another.

4B1.2(a)(1) & (2) (emphasis added).  The Rhode Island statute
under which Sherwood was convicted, at the time he was charged,
prohibited "sexual contact" with a person under 13 years of age.  
See R.I. Gen. Laws  11-37-4 (1956) (amended 1981).  Finding that
the offense defined in the state statute poses "a serious potential
risk of physical injury," we hold that Sherwood's Rhode Island
conviction was for a "crime of violence."
         "[T]he standard approach for determining whether a
particular crime fits within the 'crime of violence' rubric is a
general one, in which inquiry is restricted to the statutory
definitions of the prior offenses, without regard to the particular
facts underlying them."  United States v. Meader, 118 F.3d 876, 882
(1st Cir. 1997) (citing Taylor v. United States, 495 U.S. 575, 600
(1990)).  Thus, we engage in a categorical analysis of the
statutory crime.  See Taylor v. United States, 495 U.S. at 600-02.  
Sexual contact with a person under 13 years of age, as defined in
the Rhode Island statute, can encompass both violent and non-
violent conduct.  As such, the categorical approach allows us "to
go beyond the fact of conviction . . . [and] examine the indictment
or information and jury instructions in order to discern which type
of crime the offender was convicted of perpetrating."  United
States v. Damon, 127 F.3d 139, 145 (1st Cir. 1997).  However, since
the information underlying Sherwood's conviction simply reiterates
the elements of the statute and the defendant did not face a jury
trial (and thus, we lack jury instructions), our inquiry remains
limited to the statutory formulation of the prior offense.
         In deciding whether the statutory crime constitutes a
"crime of violence," we examine "the typical run of conduct,"
Damon, 127 F.3d at 145, for this sort of offense.  While the
chronological gap between a perpetrator and his victim is not
obvious from the face of the statute, we do know from the statute
that, in every instance, the victim is at most 12 years old.  Cf.
Meader, 118 F.3d at 884 (finding age of victim to be "crucial fact"
and "relevant to the question of injury").  Moreover, we agree with
the Fifth Circuit that child molestation crimes "typically occur in
close quarters, and are generally perpetrated by an adult upon a
victim who is not only smaller, weaker, and less experienced, but
is also generally susceptible to acceding to the coercive power of
adult authority figures."  United States v. Velzquez-Overa, 100
F.3d 418, 422 (5th Cir. 1996) (analyzing Texas statute prohibiting
indecency with a child by sexual contact).
         Sherwood attempts to distinguish  Meader from the instant
case by pointing out that Meader involved prior convictions for
statutory rape.  See 118 F.3d at 880-81.  Sherwood relies upon
United States v. Shannon, 110 F.3d 382, 387 (7th Cir. 1997) (en
banc) cert. denied, 118 S. Ct. 223 (1997), to argue that the logic
which compels the conclusion that there is "a serious potential
risk of physical injury" when there is sexual intercourse does not
compel or even permit the same conclusion with respect to sexual
touching.  The Seventh Circuit, however, did not hold that sexual
touching could not constitute a "crime of violence."  See Shannon,
110 F.3d at 389.  Rather, the contrasting views of the Seventh
Circuit judges merely evidence the troubling and complex issues
involved in determining what crimes constitute "crimes of violence"
for federal sentencing purposes.  See Shannon, 110 F.3d at 387-90.  
         Whatever the dividing line between sexual offenses that
constitute crimes of violence and those that do not, we adopt our
sister circuit's conclusion that "there is a significant likelihood
that physical force may be used to perpetrate [this] crime,"
Velzquez-Overa, 100 F.3d at 422, and find that the Rhode Island
statute at issue punishes a "crime of violence."  Thus, the
district court did not err in its base offense level determination.
    B.   Two-Point Addition to Criminal History Score
    Sherwood argues that the district court erroneously added
two points to his criminal history score because it found that the
defendant was on probation at the time of the commission of the
felon-in-possession-of-a-firearm offense.  The sentencing
guidelines require the court to "add two points if the defendant
committed the instant offense while under any criminal justice
sentence, including probation . . . ."  U.S.S.G.  4A1.1(d).  
Sherwood does not dispute the government's allegation and the
district court's finding that at least one of the firearms for
which he was charged was acquired when he was on probation for his
state felony conviction.  The defendant avers, however, that since
he pleaded guilty to possessing firearms on or about April 22,
1997, a time when he was, without question, not on probation,
4A1.1(d) does not apply.  In other words, Sherwood claims that
his acquisition of weapons during his probation was not the basis
of  his indictment.  Instead, when he pled guilty, Sherwood was
admitting to a crime which took place after his earlier probation
had terminated.
    The commentary to that section instructs that "[t]wo
points are added if the defendant committed any part of the instant
offense (i.e., any relevant conduct) while under . . . probation."  
U.S.S.G.  4A1.1(d) commentary at n.4 (emphasis added).  Relevant
conduct includes "all acts . . . that were part of the same course
of conduct or common scheme or plan as the offense of conviction."  
U.S.S.G.  1B1.3(a)(2).  Sherwood's acquisition of firearms during
his probationary period was part of the same course of conduct as
the offense of conviction.  Thus, his acquisition of the guns
qualifies as relevant conduct under the sentencing guidelines.  Cf.
Sanders, 982 F.2d at 9-10 (finding prior possession of gun not
listed in indictment to be relevant conduct).  Accordingly, we
uphold the district court's decision to add two points to
Sherwood's criminal history score.

                         III.  CONCLUSION
    For the foregoing reasons, we affirm the sentencing
determination of the district court.

</body>

</html>